Frank S. McCullough, J.
This is an action brought hy the New Rochelle Municipal Housing Authority for a declaratory judgment with respect to the liability of the Authority for the payment of Westchester County sanitary sewer taxes upon the portion of its projects declared by the Public Housing Law to be exempt from any and all State, county, city, village, town, school and special district taxes.
The action was originally brought against the City of New Rochelle, which is charged by the County of Weschester with the entire amount of such sewer tax applicable to properties in the said city, and which then apportions the total amount to all *1060 taxable properties in the city. Pursuant to an order by Mr. Justice Supple, the County of Westchester was joined as a party defendant. As consequential relief, the complaint demands judgment vacating and canceling the record of sewer tax levies and of the apparent lien of such taxes as a cloud upon the plaintiff’s title to the property in suit.
The city’s answer alleges that the plaintiff’s exemption does not extend to the sewer tax by reason of the provisions of the Westchester County Administrative Code. (L. 1948, ch. 852, as amd.) It asserts as further defenses that the present action is barred by the provisions of the City Charter of New Rochelle, and by the provisions of the Real Property Tax Law and of the Administrative Code, relating to grievance procedures.
The plaintiff owns three parcels of real property in the City of New Rochelle, upon each of which is erected a State-aided low rent public housing project, governed by the provisions of the Public Housing Law. Consistent with the provisions of subdivision 4 of section 52 of the said statute, the city has levied in each year general city taxes upon these properties, based upon the assessed valuation of both land and improvements, as they existed upon the date of the contracts for State Joan and subsidy, pursuant to which the respective projects were built. This taxable base is shown on the city’s assessment rolls as the land value in each case, and the balance of the total cost of the project is shown as the value of improvements, and as exempt.
Beginning with the year 1964, the city has also levied for each year a Westchester County sanitary sewer tax upon the value of the improvements which are shown upon the assessment rolls as exempt.
Thus, the plaintiff has been charged with, and has paid, the city tax which includes a proportionate share of the Westchester County sanitary sewer tax, based upon the “ land value ” of the properties, that is upon the total assessed value of the properties as they existed upon the date of each loan and subsidy contract. It has been separately charged as to each project with an additional tax, designated as Westchester County sanitary sewer tax, levied upon the value of the improvements. It is this separate and additional charge, upon the value of the improvements, which is the subject of the instant controversy. The plaintiff has moved for summary judgment, contending that only issues of law are present. The defendant, in opposing the plaintiff’s motion, agrees that there are no disputed questions of fact and that the resolution of the issues raised by this action are primarily concerned with questions of law. Accordingly, the defendant also prays for summary judgment.
*1061 The major issue in this case is whether or not the plaintiff’s improvements are subject to Westchester County sanitary sewer taxes.
Additional peripheral issues have been raised by the pleadings. These issues may be summarized as follows:
1. Is the plaintiff barred from proceeding with this action by reason of its failure to file a claim, pursuant to section 127 of the City Charter ?
2. Is the plaintiff barred from proceeding by reason of its failure to duly file under the grievance procedure for disputed assessments provided by the Real Property Tax Law and by the Administrative Code?
Among the powers granted to effectuate the erection of public housing is the authority granted to the State Legislature to grant or authorize tax exemptions in whole or in part. This authority is contained in subdivision 1 of article XVIII of the Constitution.
Subdivision 4 of section 52 of the Public Housing Law provides as follows: “4. So much of the value of the property included in a state project as represents an increase over the assessed valuation of the real property, both land and improvements, on the date of the contract for a state loan, or, in the absence of a contract for a state loan, then on the date of the contract for a state subsidy, shall be exempt from any and all state, county, city, village, town, school and special district taxes. In no event may any municipality or county assess the property included in a project at an amount in excess of the actual cost of the project. (Emphasis supplied.)
The provisions of subdivision 4 exempting Authority property from “special district taxes” were enacted by chapter 715 of the Laws of 1941.
The Westchester County Sanitary Sewer Law was enacted by chapter 852 of the Laws of 1948. '(Westchester County Administrative'Code, § 161 et seq.) Section 168 of chapter 852 provides in part as follows: ‘ ‘ All lots or parcels of land within any sewer district when so fixed and determined are hereby declared to be benefited by the construction of any such sewer to be constructed and maintained therein or therefor under the provisions of this title and shall be subject to the taxes or assessments to be imposed as provided by this title to pay the cost of maintaining such sewers and to reimburse the county for the payment of principal and interest on obligations issued for the purposes of this title. Notwithstanding the provisions of any general, special or local law, specifically or otherwise to the *1062 contrary, no lots or parcels of land in cmy co%mty sewer district shall be exempt from the taxes and assessments to be imposed as provided by this title, except such as may belong to the United States or to be used as a cemetery, or property acquired by the state or county for park or parkway purposes. The act of said board fixing and determining any such district or area shall describe the same.” (Emphasis supplied.)
By section 179 of chapter 852, the county was given the authority each year, before the levy of taxes to adopt a budget for the ensuing calendar year for any sewer district heretofore or hereafter established or created setting forth the estimated sums required for maintaining and repairing the sewers within such district and all other lawful charges against such district including funds necessary (a) to pay the cost of maintaining, repairing and operating in whole or in part any outlet sewer and/or disposal plant caring for the sewerage from such district and (b) to reimburse the county for the payment of principal of and interest on obligations issued for the benefit of any such district. The code exempts from the payment of sewer district taxes only:
1. Property belonging to the United States.
2. Cemetery property.
3. State or county property used for park and parkway purposes.
Section 181 of the code permits but does not require the cities of Mount Vernon, White Plains and New Rochelle and the Town of Pelham to levy the sewer district tax upon properties generally within the city without apportionment in connection with the separate sewer districts. The city is required only to apportion the amount of sewer district taxes and to extend the same on the assessment rolls against all taxable property of the city except for such properties as are exempted by the provisions of the code.
Section 179 provides in part: “ The annual assessment rolls of the towns and cities within any such district shall be used for the purpose of such assessments and the assessors of such towns and cities shall make the annual assessment rolls in such form as to show all parcels of land in such towns and/or cities except those specifically exempt as in this title provided. Such assessments shall be subject to all the provisions of law in relation to change in the assessments as are the assessments made for general purposes.” (Emphasis supplied.)
The court notes that the exemption for State projects of public housing set forth in subdivision 4 of section 52 of the Public Housing Law was enacted in 1941 and that said exemption *1063 is general in terms. The Westchester County Sanitary Sewer Law was enacted seven years later, in 1948, but said statute does not give exemption from county sanitary sewer taxes to State projects. The only specific exemptions granted are those granted to property of the United States, cemeteries and State property used for park and parkway purposes.
Subdivision 1 of section 404 of the Real Property Tax Law provides as follows: “ § 404. 'State of New York.
“ 1. Real property owned by the state of New York or any department or agency thereof, including but not limited to real property described in subdivisions two and three of this section, whether heretofore or hereafter acquired or constructed, is and shall be deemed to have been and to be exempt from taxation and exempt from special ad valorem levies and special assessments to the extent provided in section four hundred ninety of this chapter, except as otherwise provided in title two of article five of this chapter.” (Emphasis supplied.)
Section 490 of the Real Property Tax Law provides as follows: “Real property exempt from taxation pursuant to * ° * subdivision one of section four hundred four * * * shall also be exempt from * * * special ad valorem levies and special assessments imposed by a county improvement district * * * except (a) those levied to pay for the costs, including interest and incidental and preliminary costs, of the acquisition, installation, construction, reconstruction and enlargement of or additions to the following improvements, including original equipment, furnishings, machinery or apparatus, and the replacement thereof: * * * sewer systems”. (Emphasis supplied.)
Subdivision 2 of section 3 of the Public Housing Law defines a municipal housing authority as a corporate governmental agency. It appears that the exemption from taxation permitted under section 404 of the Real Property Tax Law to any State agency is a partial exemption. Sections 404 and 490 of the Real Property Tax Law specifically exclude from the general exemption taxation for sewer systems. Title 2 of article 5 of the Real Property Tax Law referred to in section 404 deals with State forest and recreation and not with public housing projects. Also section 406 which granted certain tax exemption to the real property of a municipal corporation held for a public use excludes from the exemption taxation for sewer systems.
It thus appears that the State Legislature, in enacting the Westchester County Sanitary Sewer Law, specifically made all properties, other than those specifically exempted by the said statute, subject to the sewer tax.
*1064 In view of the foregoing, the court is of the opinion that the plaintiff is subject to the levy of "Westchester County sanitary sewer taxes. By reason of the court’s finding in this respect, it is unnecessary to rule on thé peripheral issues cited earlier.
Accordingly, the court grants summary judgment to the defendant, City of New Rochelle.